UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| JULIUS BLACK, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 0:10-CV-106-HRW |
| | ) |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| J. C. HOLLAND, Warden, | ) **AND ORDER** |
| | ) |
| Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

Julius Black, ("Black"), an individual currently incarcerated in the Federal Correctional Institution at Ashland, Kentucky ("FCI-Ashland") has filed the instant habeas corpus petition, pursuant to 28 U.S.C. § 2241, challenging the enhancement of his federal sentence.[1] For the reasons set forth below, Black is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.

## BLACK'S CRIMINAL CONVICTION

On February 17, 1999, the grand jury in the United States District Court for the Western District of Kentucky ("the Western District") returned a 12-count indictment against

---

[1] As the $5.00 filing fee has been paid, the Court screens the petition to determine whether Black is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Black and nine co-defendants alleged to be participating in a large drug smuggling operation. They were charged with committing several drug offenses, violating 21 U.S.C. §§ 841(a)(1) and 846, and passing counterfeit obligations or securities. Black was charged in Counts 2, 3, and 12 of the indictment.

Immediately prior to trial, Black entered a guilty plea, pursuant to a Rule 11(e)(1)(C) oral plea agreement, to Counts 2 and 3 of the indictment. The government recited the plea agreement in open court, and defense counsel affirmed it. The government agreed: (1) not to prosecute Black on a third count; (2) to a sentence of 262 months (the mandatory statutory minimum for Black's offenses); (3) to a fine at the lowest end of the guideline range; (4) to withdraw its notice of intent to seek enhanced sentencing pursuant to 21 U.S.C. § 851; (5) to a reduction of three levels in his Offense Level, pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3E1.1, for acceptance of responsibility; and (6) to stipulate to a marijuana quantity of at least 3,000 kilograms, but not more than 10,000 kilograms.

On May 19, 2000, the Western District sentenced Black under the Career Offender Guidelines, U.S.S.G. § 4B1.1, and imposed a 262-month sentence prison term on Count 2, a concurrent 240-month sentence on Count 3, for a total sentence of 262 months, and a five-year term of supervised release. At sentencing, the Western District dismissed Count 12 of the indictment on the United States' oral motion.

Black appealed, but his sentence was affirmed. Subsequently, Black moved to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255. The Western District denied that motion, and the denial was affirmed on appeal.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Black alleges that the Western District improperly enhanced his sentence under the career offender provisions of 18 U.S.C. § 3559(c), which imposes a life sentence for certain felonies where a defendant has two or more qualifying prior convictions.[2] He argues that because the two prior offenses used to enhance his sentence were each for amounts of drugs that did not qualify as a "serious offense" under § 3559(c), he is "actually innocent" of being a career offender.[3] Black relies on *Begay v. United States*, 553 U.S. 137 (2008), and a recent

---

[2] Title 18 U.S.C. § 3559(c) provides, in part, as follows:

**(c) Imprisonment of certain violent felons.--**

**(1) Mandatory life imprisonment.**--Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if--
    **(A)** the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--
        **(I)** 2 or more serious violent felonies; or
        **(ii)** one or more serious violent felonies and one or more serious drug offenses; and

    **(B)** each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

[3] Black prior convictions were in state court for trafficking in cocaine. He contends that the amount of cocaine involved in these prior convictions was fewer than five kilograms, which would not have been punishable under 21 U.S.C. § 401(b)(1)(A); therefore, the prior state court convictions should not have been classified as "serious drug offenses" for purposes of 18 U.S.C. § 3559(c).

3

case from another circuit, which he claims holds that *Begay* would be retroactively applicable. Black contends that to correct this sentencing error, he must be re-sentenced to a lower sentence.

## DISCUSSION/ANALYSIS

At the outset, because Black was not convicted of certain *violent* felonies, his sentence was not enhanced to a life prison term under 18 U.S.C. § 3559(c). Black's sentence was enhanced under Sentencing Guideline § 4B1.1 because he had two prior drug convictions under 21 U.S.C. § 841(b)(1)(A). Black's allegation that his sentence was enhanced under § 3559(c) is, therefore, patently incorrect.

Black may not challenge his enhanced sentence in this § 2241 habeas proceeding. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in § 2255(e) permits a prisoner to challenge the legality of his conviction through a § 2241 petition only where his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her

4

conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."). For three reasons, however, that situation does not exist in this case.

First, Black's challenge to his sentence, as opposed to his conviction, does not fall under the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (holding that federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

This Court has applied this rule to challenges to sentencing enhancements, an approach which the Sixth Circuit has approved. *Cf. Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (holding that claim that

sentencing court improperly enhanced sentence based upon prior state conviction is not cognizable under § 2241).

Second, it does not appear that *Begay* is retroactively applicable to cases on collateral review, such as Black's § 2241 petition in this proceeding. Although the Court's research did not reveal a United States Supreme Court or Sixth Circuit case addressing the retroactivity of *Begay*, another member of this Court has, after thoroughly analyzing the issue, determined that *Begay* is not retroactively applicable on collateral review. *United States v. Jones*, No. 6:04-CR-70-DCR, 2010 WL 55930, at *3-*5 (E.D. Ky, January 4, 2010). Numerous other district courts have also concluded that *Begay* is not retroactively applicable on collateral review. *See United States v. Ross*, Nos. 06-cr-132-JCS, 09-cv-779-BBC, 2010 WL 148397, at *2 (W.D. Wis. January12, 2010) (concluding that *Begay* does not have retroactive effect); *United States v. Holt*, 2009 U.S. Dist. LEXIS 115242 (W.D. Wisc., Dec. 10, 2009) (same); *Cadieux v. United States*, 2009 U.S. Dist. LEXIS 41532 (D. Maine, May 8, 2009).[4]

---

[4]

Other courts reaching a similar conclusion include *Sun Bear v. United States*, 2009 U.S. Dist. LEXIS 60188 (D.S.D., July 9, 2009) ( *Begay* not retroactively applicable under *Teague v. Lane*, 489 U.S. 288(1989)); *United States v. Johnson*, U.S. Dist. LEXIS 74946 (D. Minn., Aug. 24, 2009); *Lindsey v. United States*, 2009 U .S. Dist. LEXIS 65621 (W.D. Mo., July 29, 2009); *United States v. Campbell*, 2009 U.S. Dist. LEXIS 37542 (D.S.C., May 1, 2009); and *United States v. Narvaez*, 2009 U.S. Dist. LEXIS 44089 (W.D. Wis., May 26, 2009) (*Begay* is not retroactive).

However, some courts have reached a contrary conclusion, finding that *Begay* constitutes a new substantive rule which applies retroactively. *See Welch v. United States,* 604 F.3d 408, 415 (7th Cir. 2010); *United States v. Leonard*, 2009 U.S. Dist. LEXIS 15957 (N.D. Okla., Feb. 27, 2009); *United States v. McElroy*, 2009 U.S. Dist. LEXIS 42059 (N.D. Okla., May 14, 2009); *George v. United States*, 650 F.Supp.2d 1196(M.D. Fla., May 14, 2009), and *United States v. Blue*, 2009 U.S. Dist. LEXIS 74331 (D. Kan., Aug. 20, 2009).

Black cites a recent decision by the Eleventh Circuit, *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), which held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a habeas corpus petition under § 2241. The *Gilbert* court held that "[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided", *id.* at 1165, and concluded that a petitioner may utilize Section 2241 to assert that "he is innocent of the statutory 'offence' of being a career offender." *Id.* at 1166.

*Gilbert* does not assist Black because the Eleventh Circuit granted the government's petition for rehearing, vacated the original panel opinion, and will hear the case *en banc*. *See Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010).[5] Accordingly, because *Gilbert* is not binding on district courts in the Eleventh Circuit, it has no precedential value in that circuit and certainly none in the Sixth Circuit. *See Rodriguez v. Wells*, No. CV310-095, 2010 WL 5558907, at *1 (S.D. Ga. Dec. 7, 2010) (holding that panel opinion in *Gilbert* is without precedential value, and does not authorize challenge to sentencing enhancement under § 2241).

Regardless, this Court would reject *Gilbert* as contrary to binding Sixth Circuit precedent. Many factors other than "career offender" status - such as prior criminal history, victim impact, obstruction of justice, and refusal to accept responsibility - may increase a

---

[5] As of this writing, *Gilbert* has not been heard by the Eleventh Circuit *en banc*. Thus, it is unknown whether *Gilbert* will, ultimately, be a viable decision or have any precedential value.

7

criminal defendant's sentence, but the mere lengthening of a prison term does not transform each such factor into an independent "offense" subject to collateral review in habeas under traditionally-defined circumstances. *Cf. United States v. Kenney*, No. 01-4318, 2010 WL 3279172, at *2 n.2 (3d Cir. Aug. 20, 2010) (*Gilbert*'s conclusion that a sentencing enhancement for being a career offender, which need only be established to the trial judge by a preponderance of the evidence, constitutes "essentially a separate offense" is contrary to rule that each separate offense must be proved to a jury beyond a reasonable doubt, as is the case with enhancements from non-capital to capital sentences); *Darden v. Stephens*, No. 5:09-HC-2152-FL, 2010 WL 3732174, at *2 (E.D.N.C. Sept. 20, 2010) (declining to apply *Gilbert* as contrary to controlling Fourth Circuit authority in *Poole* and for the grounds set forth in *Kenney*). Accordingly, Black's claim may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Third, even if the Court applied *Begay* to the merits of Black's claim, it is questionable whether it would provide any relief.[6] In *Begay*, the defendant was convicted of being a felon in possession of a firearm, and his sentence was enhanced under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). By contrast, the Western District enhanced Black's sentence under a different statutory scheme, *i.e.*, U.S.S.G. § 4B1.1, for

---

[6]

Based on Begay's 12 DUI convictions in New Mexico, the district court concluded that he had three or more "violent felony" convictions and sentenced him to an enhanced 15-year sentence under the ACCA. On appeal, the Tenth Circuit Court of Appeals affirmed Begay's sentence. However, on appeal to the United States Supreme Court, the Court held that a DUI conviction is not a "violent felony" as defined by the ACCA, and reversed in part and remanded for re-sentencing.

8

prior drug offense convictions. In other words, the Western District enhanced Black's sentence because he was a "career offender," not because he was an "*armed* career offender" under the ACCA.

In *Fuller v. United States*, No. 2:07-CV-190, No. 2:02-CR-23, 2010 WL 4867601(E.D. Tenn., November 23, 2010) the court distinguished sentencing enhancements under 21 U.S.C. § 841(b)(1)(A), which are based on prior "drug convictions," from sentence enhancements under the ACCA and § 3559(c), which are based on prior *"serious* violent felonies" or a combination of a *"serious"* violent felony **and** a *"serious drug offense"* conviction, the latter of which increases the penalty for a firearms offense or for certain violent felonies. *Id.* at *9.

The petitioner in *Fuller* relied on *Begay*, arguing that it had changed the parameters of her career offender status. *Id.* The *Fuller* court found no merit to her argument because she had not been sentenced under either the ACCA or § 3559(c) and held that *Begay* did not apply to her. *Id. Begay* pertains *only* to sentencing enhancement under the ACCA and § 3559(c). Black's sentence, like Fuller's, was not enhanced under either the ACCA or § 3559(c). Thus, it is highly questionable whether *Begay* even applies to Black.

Because Black has not shown that he is actually innocent of being a career offender under 21 U.S.C. § 841(b)(1)(A) or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Black's § 2241 petition will be denied, and this action will be dismissed.

9

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Julius Black's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, J. C. Holland, Warden of FCI-Ashland.

This 24th day of May, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge